IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE: 3:11cv316-RJC

| | | |
|---|---|---|
| CHARLES EVERETTE HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LINDA LOPEZ, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's *pro se* Complaint pursuant to 42 U.S.C. § 1983, filed June 27, 2011. (Doc. No. 1).

Plaintiff, a frequent litigant,[1] has filed a rambling and nearly incomprehensible Complaint against a number of local law enforcement and judicial officials, many of whom he has sued before, alleging due process violations based upon civil contract principles and the Uniform Commercial Code. A number of the allegations raised in his Complaint are identical to claims raised in a previously dismissed § 1983 Complaint (Case No. 3:11cv198, Doc. No. 2), a fact that he acknowledges in his current Complaint (Doc. 1 at 1).[2]

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout,

---

[1] See e.g., 3:11cv63; 3:11cv198; 3:10cv505; 3:09cv110; 3:08cv188; 3:06cv173; 3:02cv384; 3:01cv541; 3:00cv223; 3:00cv246; 3:99cv211.

[2] Unless otherwise indicated, the page numbers in citations to the docket were generated by CM/ECF, the Court's electronic filing system.

448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof.

Given that Plaintiff is in custody pursuant to alleged violations of criminal law, over which the state has jurisdiction, Plaintiff's contention that his detention and prosecution are illegal under principles of civil contract law is frivolous. To the extent that Plaintiff alleges that one of the Defendants appointed him an attorney without his consent, that claim will be dismissed without prejudice for the reasons stated in this Court's Order dismissing the same claim in Civil Case No. 3:11cv198, Doc. No. 2.

To the extent that Plaintiff claims that Defendants Lopez and Murray conspired to file false criminal charges against him, Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Claims of an unlawful seizure are reviewed under the Fourth Amendment. Graham v. Connor, 490 U.S. 386 (1989). Here, Petitioner alleges that the magistrate's warrant for his arrest for living too close to a school or day care as a registered sex offender was procured by Defendants Lopez and Murray by fraud and malice. He does not, however, allege that the warrant itself was facially deficient. Because he was arrested based on a facially valid warrant, Petitioner must prove that proceedings arising from that arrest were resolved in his favor. See Lambert v. Williams, 223 F.3d 257, 262 & n. 3 (4th Cir. 2000); Brooks v. City of Winston-Salem, 85 F.3d 178, 182-83 (4th Cir. 1996). Petitioner makes no assertion that any legal proceedings arising from his arrest on the aforementioned charge were resolved in his favor. His claim, therefore, will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint (Doc No. 1) is **DISMISSED** without prejudice, except as to his claim that his Due Process rights have been violated pursuant to civil contract law and the Uniform Commercial Code, which is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

    **SO ORDERED**.

Signed: July 6, 2011

Robert J. Conrad, Jr.
Chief United States District Judge